# IN THE MATTER OF JAMES FULTON

August 18, 1824

[OPINION]

This is a case of Hab. Corpus; in which James Fulton petitions to be discharged from imprisonment on a Capias ad satisfaciendum Issued from Wayne County Court —

Mr Fletcher Atty for petitioner — ⎫
Mr Larned     for Creditor     ⎬

It appears that on the 13th day of Jany 1823, Joseph Campau recovered a Judgment on Contract in said County Court against James Fulton for the Sum of $410.57. Damages, and $16.25. Cost — That on the 14th day of June following, being within one year and one day, after the rendition of said Judgment, a Capias ad Satisfaciendum was Issued thereon against said Fulton — which was, on the 16th day of the same Month, returned with non est inventus —

That on the 13th day of August 1824 an Alias Capias was Issued on said Judgment, on which the said Fulton was commited, and still stands commited, from which commitment he petitions to be discharged, alledging for

cause, that by the Common Law, Execution cannot Issue after one year and one day after the rendition of the Judgment on which it is founded without the intervention of a Scirefacias — for which reason, in as much as the said Alias Execution did not Issue untill more than one year and one day after the return of the first Execution, the commitment is contrary to the provision of the Common Law — and there being no statutory Authority on the Subject, the commitment is illegal, therefore the said Fulton ought to be discharged from it —

In resisting the Application, M^r Larned, for the Creditor on the ground of the alias Execution having been Issued more than a year & a day after the return of the first Execution, admits the fact, but denies its legal application —

And offers the Authority of Sir William Blackston Vol. 3^d page 420 to shew, that by the Ancient common Law of England, no Ca. Sa. could Issue on Judgments in Civil Cases —

Unquestionably this was once the Law of England on that Subject — but when the feudal reason which introduced it yealded to a more enlightened, and rational policy, those exemptions were restricted by the Statute of Edward the 3^d although those exemptions were wholly in favor of the Crown, and not of the Subject — and the body of the Subject was made liable as well as his property to Execution for his debts — as the reason for such exemption there has long since ceased; and at no period ever existed in this Country, it cannot in this case be regarded as law —

This part of the Question being thus disposed of I proceed to the consideration of the Second part of it — that is the right of the Creditor to an Alias Execution, after a year and a day has elapsed after a non est inventus return on the first Execution, without the intervention of of a Scirefacias —

The Authorities cited on the hearing of the case fall very far short in their application to the present question — they are adapted to a System of Jurisprudence so totally dissimilar to those of the United States, that it is impossible that they should apply —

But if any doubt could rest on the mind as to the exemption of the body from Execution in Civil Suits under the old common law, that doubt must be dissipated as it respects its application in this Territory by a reference to our own Territorial Statutes on the Subject of Executions on Judgments in Civil cases — for the practice is abundantly recognized in an Act concerning poor Debtors — page 133 — and by an Act to regulate and define the duties and powers of Justices of the peace, and Constables in civil cases. page 226.

It only remains to enquire whether the law is imperative on the Creditor after a Non est inventus return on a first Execution taken out within a year

and a day after the rendition of a Judgment, to continue taking out Subsequent Executions within a year and a day to save his lien on the Judgment, without resorting to a Scirefacias —

In examining which, the mind perhaps is left too much without a legal guide, applicable to our own institutions — in the absence of which, the general texture of our Judicial Systems, growing out of, and founded on, the customary intercourse, and habitual views under which our Citizens carry on their commercial concerns in ordinary dealings must be the best guide — We have hence to conclude, that prudent men will shape their contracts to their abilities, under the provision of laws extant at the time of their formation — he, who by entering into an engagement becomes the Debtor, can calculate on all the consequences which can await the want of punctuality in the discharge of his debt — well aware that in the last resort it Subjects his body to incarceration.

The Creditor on the other hand incurs the hazard of his Debtors insolvency, on indisposition to discharge the demand without legal coercion — and as the Creditor has in the outset the sole right to give, or refuse the Credit, when he has given it, he rarely needs any other Stimulous than that of his own Interest, in the pursuit of payment — as he certainly possesses the moral and legal right to forgive the whole debt, does he not equally possess a moral right to pursue the most lenient and humane course that the law allows towards his debtor? one of which, is an extension of time, beyond that in which, by the most rigorous pursuit, he might have inforced payment, without being thereby Subjected to an inconvenience, which is of no sort of use to the Debtor, but an unnecessary expense to both? I here allude to a Scirefacias in obtaining a Second Execution.

perha[p]s there is not a more equitable maxim in law, than that the indulgence of a Plaintiff shall not turn to his prejudice, nor the Defendant be allowed any advantage of it —

As it is the duty of the Debtor to discharge the demand, it is within his legal power to avoid either Execution, or Scirefacias — I can find but one Solitary reason assigned for a Scirefacias on a Judgmint of Debt; which is, that if Execution be not taken out within a year and day after Judgment rendered, the Court concludes, prima facie, that the Judgment is satisfied — Thus it appears that this rule of law, if law it be, has no other reason, or foundation, than the conjecture of the Judges of the Court where the Judgment is rendered — but suppose it to be reasonable law, it does not appear to relate to anything but the first Execution to be taken out on a Judgment — leaving it Optional with the Creditor when he will take out Subsequent Executions till the Judgment be satisfied — and leaving to the Debtor at all times his Audita Qurela to Supersede the operation of any Execution, after the Judgment is satisfied —

Having bestowed such attention to the Subject, as time, & means have afforded me, I have arrived at the conclusion, that the return to the Writ of Hab. Corp is sufficient — that the Creditor has proceeded as by law he had a right to, in taking out the Alias Capias ad Satisfaciendum, and therefore, the Debtor must be remanded —

J. WITHERELL